**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MICHAEL V. ROSSI,**

        **Plaintiff,**

-vs-                                  **Case No. 6:08-cv-750-Orl-28KRS**

**POCONO POINT, LLC, CULP
BROTHERS CONSULTING, LLC, JAMES
W. CULP,**

        **Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR DEFAULT JUDGMENT (Doc. No. 20)** |
| **FILED:** | **December 16, 2008** |

**I.    INTRODUCTION.**

On May 8, 2008, Plaintiff Michael V. Rossi filed a four-count complaint against Pocono Point, LLC (Pocono Point), Culp Brothers Consulting, LLC (Culp Brothers), and James W. Culp, alleging breach of contract, breach of guaranty, fraud, and fraudulent inducement. Doc. No. 1. Rossi attached to the complaint the following documents: An unexecuted copy of a Promissory Note, Doc. No. 1-2; an unexecuted copy of an Amendment to Promissory Note, Doc. No. 1-3; an unexecuted copy of a Mortgage and Promissory Note Extension Agreement, Doc. No. 1-4; an executed copy of a Deed, Doc. No. 1-5; ane executed copy of an Indenture, Doc. No. 1-6; an executed copy of a Second Amendment

to Promis[s]ory Note, Doc. No. 1-7; an executed copy of a Mortgage and Promissory Note Second Extension Agreement, Doc. No. 1-8; an executed copy of a Warranty Deed (Corporate), Doc. No. 1-9; and, a copy of a letter from counsel for Rossi to Defendant Culp, Doc. No. 1-10.

This Court has diversity jurisdiction because Rossi is a citizen of a foreign country, Defendants are citizens of Florida and Pennsylvania or Delaware,[1] and the complaint seeks damages in excess of $75,000.00. Doc. No. 1; 28 U.S.C. § 1332. Venue is proper because a substantial part of the events underlying the complaint occurred in this district. 28 U.S.C. § 1391.

Defendants all were served with process. Doc. Nos. 8-10.[2] No Defendant answered the complaint. Accordingly, at Rossi's request, the Clerk of Court entered defaults against each Defendant. Doc. Nos. 12-14.

On November 24, 2008, the Court dismissed Rossi's causes of action of fraud and fraudulent inducement. Doc. No. 19. Rossi now seeks entry of a default judgment against all Defendants on the breach of contract cause of action and against Culp on the breach of guaranty cause of action. Doc. No. 20. In support of the motion, Rossi included a memorandum of law.

---

[1] *See infra* note 3.

[2] The process server avers that he served the corporate defendants by serving Defendant Culp as the "Owner" of both corporations. Doc. Nos. 8, 10. Section 48.081, Fla. Stat., permits service on the "head of a corporation." Accordingly, it appears that service was perfected as to both corporate defendants.

## II. APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *Id*.

## III. ALLEGATIONS OF THE COMPLAINT.

Rossi resides in Kent, England. Doc. No. 1 ¶ 1. Culp resides in Lake County, Florida and is a managing member of Culp Brothers and Pocono Point. *Id.* ¶ 4. Culp Brothers is a Florida limited liability company. *Id.* ¶ 3. It appears that Pocono Point is a Delaware limited liability company.[3]

---

[3] Plaintiff's complaint incorrectly alleges that Defendant Pocono Point, LLC, is a Pennsylvania limited liability company rather than a Delaware limited liability company. Doc. 1 ¶

On about October 20, 2005, Culp, on behalf of Culp Brothers and Pocono Point, approached Rossi about the possibility of obtaining bridge financing for the purchase of real property located in Pennsylvania. Doc. No. 1 ¶ 8. As part of the proposed lending relationship, Rossi was to provide Defendants with a 60-day loan of $275,000.00 in return for a $55,000.00 fee and a first mortgage on real property located in Pennsylvania (the "Collateral"). *Id.* ¶ 9.

Thereafter, Defendants executed a promissory note, an unexecuted copy of which is attached to the complaint. *Id.* ¶ 10.[4] By its terms, the note matured on December 28, 2005. It also specifically precluded Defendants from further encumbering the Collateral. *Id.* ¶ 11. Culp individually guarantied the note. *Id.* ¶ 12.

Defendants did not make the required payment on the maturity date of the note. *Id.* ¶ 12. Thereafter, Rossi and Defendants negotiated an extension of the maturity date. *Id.* ¶ 14. Culp individually and on behalf of Pocono Point and Culp Brothers made certain representations to induce Rossi to extend the maturity date. *Id.* ¶¶ 15, 16.

On about March 28, 2006, Defendants executed an amendment to the promissory notice and a mortgage and promissory note extension agreement, unexecuted copies of which are attached as exhibits to the complaint. *Id.* ¶ 17. The amendment provides, among other things, that in the event of a default, interest would accrue on the unpaid balance at the rate of 10% per annum. Doc. No. 1-3 at 1. Culp again individually guaranteed the amendment. *Id.* ¶ 18. Under the terms

---

2. This appears to be a scrivener's error, because other documents attached as exhibits refer to Pocono Point, LLC, as a Delaware limited liability company. *E.g.*, Doc. 1-5 at 1.

[4] The promissory note reflects the address for borrowers as Clermont, Florida. Doc. No. 1-2.

of the amendment and extension, the maturity date was extended to April 27, 2006. The indebtedness was increased to $450,340.00. Defendants also delivered a deed on the Collateral, executed by Culp as managing member of Pocono Point. *Id.* ¶ 19. The deed was signed by Culp on March 29, 2006, before a Florida notary public. Doc. No. 1-5 at 3. Defendants did not make the required payment by this extended maturity date. *Id.* ¶ 20.

On about July 11, 2006, Culp, as managing member of Pocono Point, granted a mortgage on the Collateral to Jeffrey Parella. *Id.* ¶ 21. He did not provide Rossi notice that he had done so. *Id.* Meanwhile Rossi and Culp began negotiating a second extension of the maturity date. *Id.* ¶ 22. Culp made statements similar to the representations made regarding the first extension of the maturity date. He also did not disclose that additional encumbrance of the Collateral. *Id.* ¶ 23.

On about July 18, 2006, Defendants executed a second amendment and extension to the promissory note. *Id.* ¶ 24. Under the terms of these documents, the maturity date was further extended to November 1, 2006, in consideration for Defendants making a $167,000.00 payment and the obligation under the note being increased to $500,000.00. *Id.* ¶ 27. The second amendment against provided that if the amount due was not paid by the maturity date interest would accrue on the unpaid balance at the rate of 10% per annum. Doc. No. 1-7 at 1. Culp individually guaranteed the $500,000.00 obligation. *Id.* ¶ 26.

Rossi alleges on information and belief that Culp prepared a fraudulent mortgage payment statement for the note, which he delivered to a title company, in exchange for $150,000.00 to raise money to pay the $167,000.00 payment. *Id.* ¶ 28.

Defendants failed to make the required payment by the second extended maturity date. *Id.* ¶ 29. On February 7, 2007, Culp, as managing member of Pocono Point, executed a Warranty

Deed purporting to transfer the Collateral to Network Closing Services, Inc. for $720.00. *Id.* ¶. On March 19, 2008, counsel for Rossi sent a letter to Culp at an address in Winter Garden, Florida demanding that Defendants pay the outstanding amount due on the note as amended. *Id.* ¶ 31; Doc. No. 1-10. Defendants did not pay the amount due. *Id.* ¶ 33. As of May 6, 2008, the amount due was $500,000.00 in principal with accrued interest of $90,002.43. Interest continues to accrue at 10% under the terms of the note. *Id.* ¶ 32.

## IV. ANALYSIS.

In the instant motion, Rossi seeks a default judgment against some or all of the defendants on each cause of action. I will review the causes of action in turn. None of the promissory notes recite a choice of law. Counsel for the movant did not favor the Court with a choice of law analysis. Rather than requiring a third rebriefing of the relevant law, I will address the choice of law question *sua sponte*.

*A. Choice of Law.*

The contracts underlying the breach of contract and guaranty claims do not contain a choice of law provision. In general, a federal court in a diversity case must apply the state conflict of law principles that courts of the state in which it sits would apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Thus, Florida choice of law principles apply here. Florida adheres to the doctrine of *lex loc contractus* in causes of action arising in contract. *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So.2d 1160, 1163 (Fla. 2006). *Lex loci contractus* looks to the place where the contract was executed. *Lumbermens Mut. Cas. Co. v. August*, 530 So.2d 293, 295 (Fla. 1988). The last act that completed the contracts was the signature of Defendants. . *See Colhoun v. Greyhound Lines, Inc.*, 265 So.2d 18, 21 (Fla. 1972) (citing *Peters v. E. O. Painter Fertilizer Co.*,

75 So. 749 (Fla. 1917)) (place where last act that completes a contract is where cause of action accrues).

Defendant Culp, whose signature appears on all of the executed contracts and who accepted service as the owner of Pocono Point and Culp Brothers, is a Florida resident. In documents submitted by Rossi with the complaint, the address for Defendant borrowers is listed as Clermont, Florida. Therefore, under the *lex loci contractus* rule, the contracts were completed in Florida. Thus, Florida law will apply to Rossi's claims.

*B. Rossi's Breach of Contract and Breach of Guaranty Claims.*

Under Florida law, "[t]he elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d Dist. Ct. App. 2006) (internal citations omitted).

By failing to answer the complaint, Defendants admit that Rossi previously performed his contractual obligations. Defendants also are deemed to have admitted they breached the loan, security, and guaranty agreements by failing to make required payments and failing to pay the aggregate principal amount due on demand, and that this failure damaged Rossi. These admissions sufficiently establish that Defendants breached their contract with Rossi.

In Florida, the elements of an action for breach of a guaranty arise from a debtor's default and the guarantor's subsequent failure to pay. *See Brunswick Corp. v. Creel*, 471 So.2d 617, 618 (Fla. 5th Dist. Ct. App. 1985). In a subsequent action against the guarantor, the creditor has the burden of establishing that all of the conditions precedent to the guarantor's liability have occurred

or were performed. *See Alderman Interior Systems, Inc. v. First Nat'l-Heller Factors, Inc.*, 376 So.2d 22, 23 (Fla. 2d Dist. Ct. App. 1979). By failing to answer the complaint, Defendant Culp admits liability on his guaranty of the promissory notes by admitting the existence of his guaranty, that Pocono Point and Culp Brothers defaulted on their payment obligations and that Pocono Point and Culp Brothers subsequently refused to pay after Rossi's demand. These admissions sufficiently establish Culp's individual liability on his guaranty to Rossi.

*C. Damages.*

As damages, Rossi seeks the $500,000.00 principal due under the Mortgage and Promissory Note Second Extension Agreement and Second Amendment to Promissory Note, plus interest on this amount from the November 1, 2006, maturity date, based on the contractual interest provision in the Mortgage and Promissory Note Second Extension Agreement. Under Florida law, a plaintiff is entitled to recovery of the damages he suffered as a result of the breach. Accordingly, I recommend that a default judgment be entered against Defendants as to the causes of action in Counts One and Two of the complaint, and that the Court award Rossi $500,000.00, plus interest compounded at 10% annually from November 1, 2006.

**V. RECOMMENDATION.**

For the foregoing reasons, I respectfully recommend that Plaintiff's Amended Motion for Default Judgment, Doc. No. 20, be **GRANTED**. I further recommend the Court:

1. **ENTER** default judgment against Defendants on Count One and against Defendant Culp on Count Two;

2. **ORDER** Defendants, jointly and severally, to pay Rossi damages in the amount of $500,000.00, plus interest compounded at 10% annually from November 1, 2006 through the date of judgment;

3. **ORDER** Rossi to submit a calculation of prejudgment interest accruing on November 1, 2006, through a date established by the Court for entry of judgment;

4. **DIRECT** the Clerk to enter judgment in favor of Rossi and against Defendants in the amount directed by the Court and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 14, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE